# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| JOHN C. DUVALL, | ) |
| Petitioner, | ) |
| v. | ) No. 4:07CV1232 ERW |
| LARRY CRAWFORD, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's "Emergency Motion for Appointment of Counsel or in the Alternative Motion for Another Ninety Day Extension of Time." The motion will be granted in part and denied in part.

## Background

Petitioner filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 9, 2007. The petition was 469 pages long, and petitioner filed approximately 3,000 pages of exhibits with the petition. On August 2, 2007, the Court ordered petitioner to file an amended petition pursuant to Rule 2(d) of the Rules Governing § 2254 Cases. On October 11, 2007, petitioner filed his amended petition. The amended petition is 439 pages long.

On January 3, 2008, the Court entered a Case Management Order directing respondent to inform the Court whether any aspect of the petition is barred for

procedural reasons. Respondent filed his brief on January 11, 2008. In his response, respondent states that the petition should be denied because 96 of 98 of petitioner's grounds for relief are procedurally barred and because the remaining two claims fail on the merits.

On January 31, 2008, petitioner moved for 90 days in which to respond to the respondent's answer. The Court granted the request and ordered petitioner to file his response no later than May 29, 2008.

Since February 11, 2008, petitioner has filed seven motions for discovery. Several of the motions are more than 200 pages in length.

On May 22, 2008, petitioner filed the instant motion. The instant motion is 84 pages long.

## Discussion

In its Order dated August 16, 2007, the Court noted that "petitioner has demonstrated a proclivity for needlessly complicating the petition . . ." In the nine months that have passed since then, petitioner has continued to add unnecessary complexity to this case by filing several motions containing several hundred pages of legal arguments and materials.

Rule 5(e) of the Rules Governing § 2254 Cases states that "The petitioner may submit a reply to the respondent's answer or other pleading within a time fixed by the

judge." Previously, the Court gave petitioner a generous deadline to file his reply brief, May 29, 2008. Rather than drafting a reply, petitioner has filed several hundred pages of other legal papers. This shows that petitioner has had ample opportunity to draft his reply but has chosen not to do so. And petitioner waited until the week before the reply was due to move for an extension.

The Court finds that in these circumstances a ninety day extension is unwarranted. The Court will grant petitioner an additional thirty days in which to file his reply brief. **No further extensions will be granted.**

There is no constitutional or statutory right to appointed counsel in civil cases. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005. Upon consideration of these factors, the Court finds that the legal issues and the facts involved in this case are not so complex as to warrant the appointment of counsel. While the case may seem to be

complex because of petitioner's numerous and lengthy filings, this case is actually quite common. As a result, petitioner's motion will be denied insofar as it requests appointment of counsel.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's "Emergency Motion for Appointment of Counsel or in the Alternative Motion for Another Ninety Day Extension of Time" [#50] is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that petitioner shall file his reply brief no later than thirty (30) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that all of the other requests in the motion are **denied**.

Dated this 2nd Day of June, 2008.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE