# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JOHN C. DUVALL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:07CV01232 ERW |
| | ) | |
| LARRY CRAWFORD and | ) | |
| DAVE PARKER, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM AND ORDER

Before the Court is John Duvall's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondents have filed an answer and the case is fully briefed and ready for disposition. The Court will dismiss the petition without further proceedings.

## BACKGROUND

Petitioner sexually abused three young boys from approximately January 1, 1999, through May 31, 2000. After a police investigation, petitioner was charged by information with three counts of statutory sodomy in the first degree, Mo. Rev. Stat. § 566.062 (2000). A jury convicted petitioner on all three counts, and the court sentenced petitioner to three consecutive terms of fifteen years' imprisonment.

On direct appeal, petitioner argued that there was insufficient evidence to support the conviction, that two of the verdict directors were flawed, that the

prosecutor engaged in improper cross-examination of petitioner, and that the trial court erred when it denied petitioner's counsel's motion to withdraw. The Missouri Court of Appeals affirmed the conviction and sentences. State v. Duvall, 90 S.W.3d 503 (Mo. Ct. App. 2002).

Petitioner filed a pro se motion for post-conviction relief. The post-conviction relief court subsequently appointed counsel for petitioner, and counsel filed an amended motion for post-conviction relief and addendum containing a total of eighty-five grounds for relief. Petitioner then hired counsel. The post-conviction relief court held an evidentiary hearing. Petitioner, however, failed to adduce any witnesses or evidence on his behalf at the hearing. The court denied the motion.

Petitioner appealed from the denial of the motion, arguing that he was abandoned by post-conviction counsel and that the trial court erred in proceeding with the evidentiary hearing because petitioner had previously fired the counsel who represented him at the evidentiary hearing. The Missouri Court of Appeals rejected petitioner's claims and affirmed the post-conviction court. Duvall v. State, 201 S.W.3d 67 (Mo. Ct. App. 2006).

Petitioner then filed three habeas petitions in the Circuit Court for Cole County. The court denied each of the petitions on the basis that petitioner's claims were not

cognizable, because the claims were successive, and because the claims were procedurally defaulted.

Petitioner then filed a petition for writ of habeas corpus with the Missouri Supreme Court, which the court summarily denied.

On February 9, 2007, petitioner's brother, David Duvall, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court, purportedly on petitioner's behalf. Duvall v. Missouri, 4:07CV289 ERW (E.D. Mo.). The petition was 401 pages long and contained over 500 pages in exhibits. Petitioner then informed the Court that he did not prepare the petition and that he did not authorize his brother to prepare the petition on his behalf. Petitioner stated at that time that he "would not have ever allowed a gargantuan pleading, like the one filed, to be filed under [his] signature or in [his] name," and that any petition filed by himself would be "short, concise, and to the point." The Court denied the petition without prejudice on March 28, 2007.

Petitioner is currently incarcerated in the James Crabtree Correctional Center in Helena, Oklahoma.

**THE PETITION**

Petitioner filed the instant petition for writ of habeas corpus on July 9, 2007. The instant petition is 439 pages long and contains the following 98 grounds for relief:

1. The jury saw petitioner in shackles during the trial.

2. Counsel was ineffective for failing to object to move for a mistrial after the jury saw petitioner in shackles.

3. The trial court erred by not responding to the jury's question about whether the sentences imposed would be concurrent or consecutive.

4. Counsel was ineffective for failing to object to the court's refusal to answer the jury's questions about concurrent and consecutive sentences.

5. The prosecution used a altered videotape containing a conversation between petitioner and one of the victims.

6. Counsel was ineffective for failing to object to the prosecution's use of a altered videotape.

7. The prosecutor lied to the jury about petitioner's disclosure of the videotape containing the conversation between himself and the victim.

8. Counsel was ineffective for failing to object when the prosecutor lied to the jury about petitioner's disclosure of the videotape.

9. The trial court knowingly allowed the state to use the altered videotape.

10. The prosecutor knowingly lied to the jury when he told them that petitioner was faking an injury.

11. Trial counsel was ineffective for not objecting when the prosecutor knowingly lied to the jury when he told them that petitioner was faking an injury.

12. Trial counsel was ineffective for failing to call Tammy Kidd as a witness.

13. Trial counsel was ineffective for failing to call Richard Kidd as a witness.

14. Trial counsel was ineffective for failing to call Carl Turner as a witness.

15. Trial counsel was ineffective for failing to call Ann Freed as a witness.

16. Trial counsel was ineffective for failing to call Michael Taylor as a witness.

17. Trial counsel was ineffective for failing to call Robin Apel as a witness.

18. Trial counsel was ineffective for failing to call Michael Bartle as a witness.

19. Trial counsel was ineffective for failing to call Steve Cox as a witness.

20. Trial counsel was ineffective for failing to call Tracy Nejedly as a witness.

21. Trial counsel was ineffective for failing to investigate and call Rosalie Duvall as a witness.

22. Trial counsel was ineffective for failing to investigate and call Donald Duvall as a witness.

23. Trial counsel was ineffective for failing to call Eddie Hartgrove and Donnice Hartgrove as witnesses.

24. The prosecution withheld evidence that two unnamed officers in the Moberly Police Department conspired to retaliate against petitioner for his political views and activities.

25. Trial counsel was ineffective for failing to call Frank Nejedly as a witness.

26. Trial counsel was ineffective for failing to call Milton Glisson as a witness.

27. The prosecutor failed to disclose Milton Glisson's reports to the Missouri Assistant Attorney General.

28. Trial counsel was ineffective for failing to call Officer Michael Platte as a witness.

29. The prosecution withheld and destroyed a copy of a telephone call between Helen Lawrence and petitioner.

30. Trial counsel was ineffective for failing to call Mark Holst as a witness.

31. Trial counsel was ineffective for failing to call Randy King as a witness.

32. The prosecution failed to disclose the report of Officer King of the Missouri State Highway Patrol.

33. Trial counsel was ineffective for failing to call Officers Skip McGuire and Tamara Adams as witnesses.

34. The prosecutor withheld Officer McGuire's report and Officer Adams's report from petitioner.

35. Trial counsel was ineffective for not calling John Guy as a witness.

36. Trial counsel was ineffective for failing to call Officer Matthew Link as a witness.

37. Trial counsel was ineffective for failing to call Donna Wreidt as a witness.

38. Trial counsel was ineffective for failing to call Angela Duvall as a witness.

39. Trial counsel was ineffective for failing to call Marcus Haque as a witness.

40. Trial counsel was ineffective for failing to call Mary Haque as a witness.

41. Trial counsel was ineffective for failing to call Ray Haque as a witness.

42. The prosecutor failed to disclose crime lab reports or reports about a compact disc allegedly containing child pornography.

43. The prosecutor did not disclose "multiple police reports" from the Moberly Police Department in which Helen Lawrence and James Maxey Sr. alleged that petitioner committed crimes.

44. Trial counsel was ineffective for failing to call Bobbie Stegall as a defense witness.

45. Trial counsel was ineffective for failing to call Billie Heidecker as a defense witness.

46. Trial counsel was ineffective for failing to call Pat Gwinnet as a defense witness.

47. Trial counsel was ineffective for failing to adequately prepare and investigate Dimple Robinson before calling her as a defense witness.

48. Trial counsel was ineffective for failing to call Ovid Neal as a defense witness.

49. Trial counsel was ineffective for failing to call Lois Whatley as a defense witness.

50. Trial counsel was ineffective for failing to submit lesser-included-offense instructions to the jury.

51. Trial counsel was ineffective for failing to discover, and the prosecutor failed to disclose, that Helen Lawrence, James Maxey, and Department of Family Services' agent Sally Darling for "energy assistance fraud" and that the fraudulent payments were a way for the State to bribe Lawrence and Maxey.

52. Trial counsel was ineffective for failing to obtain the audio recording of the June 8, 2000, call from Officer Matthew Link to the Missouri Department of Family Services.

53. Trial counsel was ineffective for failing to call Andy Roscheras a defense witness.

54. Trial counsel was ineffective for failing to call Shelley Butcher as a defense witness.

55. The prosecutor withheld Shelley Butcher's statements from petitioner.

56. The prosecution failed to disclose that probable cause existed to charge James Maxey and Helen Lawrence with "[Section] 8 housing fraud."

57. Counsel was ineffective for failing to impeach victim F.D.N. with his prior inconsistent statements.

58. The prosecutor failed to disclose that he provided free legal services to James Maxey and Helen Lawrence in exchange for their testimony.

59. The prosecution failed to disclose records of an investigation into petitioner's alleged past abuse of Jonathan Tanner.

60. The prosecution failed to disclose that State's witness James Maxey was employed in construction at the Randolph County Jail and was forgiven the payment of criminal fines in Randolph County.

61. Trial counsel was ineffective for failing to call Chris Boyle as a defense witness.

62. Trial counsel was ineffective for failing to call Ray and Betsy Wyant as defense witnesses.

63. Trial counsel was ineffective for failing to call Tanisha Phelps as a defense witness.

64. Trial counsel was ineffective for failing to call victim K.K. as a defense witness.

65. The prosecutor withheld evidence of a videotaped interview and statements of victim K.K.

66. Trial counsel was ineffective for failing to call Stephen Ray Porter as a witness.

67. The prosecutor failed to disclose that Steven Porter knew about a deal between the prosecutor and Bobby Lee Wainwright in exchange for Wainwright's testimony.

68. Trial counsel was ineffective for failing to call Michael McCawley as a defense witness.

69. Trial counsel was ineffective for failing to call Laura Wainwright as a defense witness.

70. Counsel Julie Bartlett violated attorney-client privilege by telling the prosecutor that petitioner told her that he had not had an erection in over eight years and the prosecutor improperly used this false statement at trial.

71. Bobby Wainwright perjured himself at trial.

72. The prosecution failed to disclose that Bobby Lee Wainwright was not charged in an unrelated rape case.

73. The prosecution failed to disclose that Bobby Lee Wainwright was not charged in an unrelated case for possession of a weapon in jail.

74. Trial counsel failed to use evidence that Bobby Lee Wainwright was not charged in an unrelated case for possession of a weapon in jail.

75. The prosecution failed to disclose that Bobby Lee Wainwright was not charged in an unrelated case involving forged prescriptions.

76. Trial counsel failed to use evidence that Bobby Lee Wainwright was not charged in an unrelated forgery case.

77. The prosecution failed to disclose that Bobby Lee Wainwright was a confidential informant and that he was given a deal in a Shelby County case.

78. Trial counsel failed to use evidence that Bobby Lee Wainwright was a confidential informant and that he was given a deal in a Shelby County case.

79. The prosecutor failed to disclose that he was providing Bobby Lee Wainwright with free legal services in exchange for his testimony.

80. Trial counsel was ineffective for failing to use evidence that the prosecutor was providing Bobby Lee Wainwright with free legal services in exchange for his testimony.

81. The prosecutor failed to disclose that Bobby Lee Wainwright was an interstate fugitive from justice.

82. Trial counsel was ineffective for failing to use evidence that Bobby Lee Wainwright was an interstate fugitive from justice.

83. The prosecutor suborned perjured testimony from victim F.D.N. and Officer Mark Arnsperger.

84. Trial counsel was ineffective for failing to correct the perjured testimony from victim F.D.N. and Officer Mark Arnsperger.

85. The trial court lacked jurisdiction to try petitioner because the court did not conduct a preliminary hearing.

86. Trial counsel was ineffective for announcing that he was ready for trial without a preliminary hearing.

87. There was insufficient evidence to convict petitioner of statutory sodomy with respect to victim K.K.

88. There was insufficient evidence to convict petitioner of statutory sodomy with respect to victim J.T.M.

89. There was insufficient evidence to convict petitioner of statutory sodomy with respect to victim F.D.N.

90. Trial counsel failed to impeach State's witnesses Officer Mark Arnsperger and Melissa Wisenand with their violations of policy and procedure.

91. Trial counsel was ineffective for failing to call Dr. Ann Dell Duncan as a defense witness.

92. Trial counsel was ineffective by failing to present evidence that James Maxey and Helen Lawrence have a financial motive to fabricate the charges against petitioner.

93. Trial counsel was ineffective for failing to present evidence that victims F.D.N. and J.T.M. had motives to testify falsely and retaliate against petitioner.

94. The prosecution failed to disclose evidence of an incident in which James Maxey and Helen Lawrence allegedly held David Duvall hostage and threatened to kill David Duvall.

95. The trial judge was biased against petitioner because petitioner had filed a §1983 suit against the judge (among others) and the judge wanted to convict petitioner in order to send him to prison and thus avoid the lawsuit.

96. The trial court erred in failing to investigate an alleged conflict of interest between petitioner and trial counsel D. Terrell Dempsey.

97. Trial counsel was ineffective for conceding petitioner's guilt to the jury.

98. Trial counsel refused to allow petitioner to participate in his own defense.

## DISCUSSION

1. **Procedural Default**

To avoid defaulting on a claim, a petitioner seeking habeas review must have fairly presented the substance of the claim to the state courts, thereby affording the state courts a fair opportunity to apply controlling legal principles to the facts bearing

on the claim. Wemark v. Iowa, 322 F.3d 1018, 1020-21 (8th Cir. 2003) (quotation marks omitted). A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts that he is attempting to raise in his federal petition. Id. at 1021. Claims that have not been fairly presented to the state courts are procedurally defaulted. Id. at 1022 (quoting Gray v. Netherland, 518 U.S. 152, 161-62 (1996)). Claims that have been procedurally defaulted may not give rise to federal habeas relief unless the petitioner can demonstrate cause and prejudice for the default or a colorable claim of factual innocence. Id.; Morris v. Norris, 83 F.3d 268, 270 (8th Cir. 1996).

Petitioner's grounds for relief numbers 1 through 86 and 89 through 98 have not been fairly presented to the state courts because petitioner either (1) abandoned them on appeal from the denial of his post-conviction relief motion, see Reese v. Delo, 94 F.3d 1177, 1181 (8th Cir. 1996) (claims abandoned on direct appeal are procedurally defaulted); (2) did not raise them in his post-conviction relief motion, but raised them for the first time in a Missouri Rule 91 habeas petition; or (3) did not raise them in any state court. Moreover, the Missouri courts relied on state procedural rules and did not reach any of these claims on the merits after the default occurred. As a result, each of these grounds for relief are procedurally defaulted, and petitioner is barred from

receiving federal habeas relief on these grounds unless he can show cause and prejudice or a colorable claim of factual innocence.

Petitioner has filed more than 1,000 pages in pleadings, motions, memoranda, and exhibits in an effort to show cause and prejudice for the default. The Court has thoroughly reviewed each of these documents and finds that petitioner has failed to demonstrate either cause or prejudice for the default and has failed to make a colorable claim of factual innocence. For example, petitioner advances two separate conspiracy theories in an effort to show cause and prejudice. First, petitioner claims that there was a vast conspiracy involving state actors who fabricated the sodomy charges against him in retaliation for his previous work calling attention to irresponsible governmental spending. Second, petitioner claims that one of his victim's parents conspired with state actors to fabricate the sodomy charges against him because he previously refused to loan them $5,000. Each of these theories is delusional and, more importantly, completely ignores the evidence introduced against petitioner at his trial. Petitioner's other arguments fail as well; they are delusional, irrelevant, or are actually detrimental to petitioner's claims. As a result, the Court finds that grounds for relief numbered 1 through 86 and 89 through 98 are procedurally barred and that petitioner is not entitled to relief on these grounds.

## II. Merits Analysis

"In the habeas setting, a federal court is bound by the AEDPA to exercise only limited and deferential review of underlying state court decisions." Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003). Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Id. At 407-08. Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual

findings do not enjoy support in the record. 28 U.S.C. §2254(e)(1); Ryan v. Clarke, 387 F.3d 785, 790 (8th Cir. 2004).

In ground 87, petitioner argues that there was insufficient evidence to convict him of statutory sodomy as to victim K.K. In ground 88, petitioner argues that there was insufficient evidence to convict him of statutory sodomy as to victim J.T.M. The Missouri Court of Appeals denied each of these claims in its summary order.[1]

The relevant question in determining the sufficiency of the evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original).

In this case, Missouri introduced evidence that victims K.K. and J.T.M. were less than twelve years old when petitioner forced them to suck on his penis on multiple occasions. These facts constitute "deviate sexual intercourse" with a person less than fourteen years old pursuant to Mo. Rev. Stat. §§ 566.010 & 566.062. The evidence was introduced in the form of testimony by the state's witnesses, including victims J.T.M. and F.D.N. A rational trier of fact could have concluded, after hearing this testimony, that the state had proved its case beyond a reasonable doubt. As a result,

---

[1]"The summary nature of a state court's decision does not affect the applicable standard of review under § 2254(d)(1)." Closs v. Weber, 238 F.3d 1018, 1020 (8th Cir. 2001).

the state court's decision is not contrary to or an unreasonable application of clearly established federal law, and petitioner's grounds for relief 87 and 88 fail on the merits.

### III. Petitioner's Motions for Discovery

Petitioner has filed several motions in this case, primarily for discovery on his defaulted claims. The Court has reviewed each of the motions and finds them to be without merit. Petitioner has failed to show cause and prejudice for the procedural default of his claims and, therefore, is not entitled to discovery on those claims. As a result, the Court will deny each of the pending motions as moot.

### IV. Certificate of Appealability

Under 28 U.S.C. § 2253(c), an appeal may not be taken from the denial of a petition for writ of habeas corpus unless the Court issues a certificate of appealability. Further, the Court may only issue a certificate of appealability if the petitioner "has made a substantial showing of the denial of a constitutional right." Id.

In this case, petitioner has failed to make a substantial showing of the denial of a constitutional right. Petitioner's arguments are frivolous and lack legal merit. As a result, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED**.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue. 28 U.S.C. § 2253.

A separate Judgment shall accompany this Memorandum and Order.

So Ordered this 16th Day of September, 2008.

                                                      E. RICHARD WEBBER
                                                      UNITED STATES DISTRICT JUDGE